Irving A. AUGUST, Trustee in Bankruptcy of Capac Manufacturing Corporation

v.

ALDAN RUBBER COMPANY.

Civ. A. No. 34673.

United States District Court
E. D. Pennsylvania.

Dec. 18, 1967.

M. E. Maurer, Philadelphia, Pa., for plaintiff.

Israel Packel, Philadelphia, Pa., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN W. LORD, Jr., District Judge.

This is a civil action for damages arising out of an alleged conversion of the bankrupt's property. The defendant claimed to have had a lien against the property of the bankrupt in its possession.

After a trial before the Court without a jury, upon pleadings and proof, the Court makes the following:

## FINDINGS OF FACT

1. On March 29, 1962, an involuntary petition in bankruptcy was filed against Capac Manufacturing Corporation (hereafter called bankrupt) in the United States District Court for the Eastern District of Michigan. Capac was duly adjudicated a bankrupt. The plaintiff was appointed Trustee and duly qualified as such.

2. The bankrupt gave the defendant an order in writing dated November 14, 1960, to rubber-coat cotton sheeting for the bankrupt. Attached to the order was a writing dated November 15, 1960 which stated the bankrupt's assumption that the terms of payment were "1% 30 days."

3. The defendant accepted the order by a letter dated November 21, 1960, but correcting the terms to "1% 30 net 35 days."

4. The bankrupt's order and note and the defendant's answering letter constituted an offer and acceptance.

5. Defendant's president in the initial dealings, prior to the written offer and acceptance, informed bankrupt's president that defendant claimed a general lien on all goods sent to it for processing, to which bankrupt's president assented.

6. This prior oral agreement was not inconsistent with the written contract, and was such an agreement as might be made separately by parties situated as were the parties to the written contract here.

7. The parties to this contract would not have normally included the oral agreement setting forth a general lien in the purchase order or acceptance letter.

8. On several occasions, upon receipt of bankrupt's goods, receiving memos were sent by defendant to bankrupt with conspicious red stampings on the front stating "NOTE REVERSE SIDE" and a red stamping on the back stating:

"It is specifically agreed that Aldan Rubber Co. has or shall have a general lien on all customer's merchandise in its possession, as a security interest for all indebtedness and claims, whether or not in a liquidated amount, on open account, arising after the receipt of the merchandise or for work

done on other merchandise, and it shall have the right after default to dispose of the merchandise so held as collateral in the manner provided for in the Uniform Commercial Code."

9. In repeated communications by letter and telegram, defendant claimed a right to retain the goods, without working on them, as security for bankrupt's indebtedness, and the bankrupt did not dispute the claim.

10. Defendant with knowledge of, and because of, bankrupt's insolvency gave proper notice and took appropriate steps in effecting a sale of the goods held by it as security under the Commercial Code.

11. The proceeds of the sale upon default amounted to $12,008.16. This was a reasonable price.

12. The storage costs amounted to $231.66. This was a reasonable figure.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this cause of action under Sections 60 and 70 of the Bankruptcy Act. 11 U.S.C.A. §§ 96, 110.

■ 2. The purchase order of November 14, 1960 constituted a written offer. Defendant's written acknowledgement of November 21, 1960 constituted an acceptance of the offer. Together they constituted a written contract.

■ 3. The original negotiations between the parties created a contractual general lien for any indebtedness in connection with goods of bankrupt thereafter sent to defendant for processing.

■ 4. The oral agreement relating to the lien was not superseded or invalidated by the subsequent written agreement because of the fact that (a) it was not inconsistent with the written agreement and (b) it was such as might naturally and normally be made separately by the parties situated as they were here by way of a collateral undertaking. Potocz-

ny v. Dydek, 192 Pa.Super. 550, 162 A.2d 70 (1960).

■ 5. A lien provided for by agreement, as opposed to one arising at common law, is not waived by another contract term providing for an extension of the time for payment beyond the period when the lien would normally terminate (i. e. a credit term). Restatement, Security § 65.

■ 6. Defendant's receiving memos and other communications to bankrupt *followed up by* delivery of bankrupt's goods to defendant were also sufficient in law to effect a general contractual lien. See Firth & Foster Brothers v. Hamill, 167 Pa. 382, 31 A. 676 (1895), holding that a general contractual lien can be established by notice as well as express agreement.

■ 7. The parol evidence rule does not bar evidence of subsequent dealings between the parties.

■ 8. Notwithstanding bankruptcy, a general contractual lien acquired well before four months prior to the bankruptcy may be made effective by a private sale in accordance with the provisions of the Uniform Commercial Code. It was not a voidable preference.

9. Defendant is entitled to retain so much of the proceeds of the sale of the goods as satisfied the indebtedness, to wit $11,305.61; and the storage charges of $231.66; a total of $11,537.27.

10. The defendant is accountable to the trustee in bankruptcy for the surplus of the sale, to wit $471.21 plus interest at 6% from the date of the sale, February 14, 1962 to date—a total amount of $661.96.

11. Judgment is hereby entered in favor of plaintiff, Irving A. August, Trustee in Bankruptcy of Capac Manufacturing Company, to the extent of the surplus and interest from the sale of the bankrupt's goods after the indebtedness and storage costs, stated above, are deducted to wit $661.96.